NICKELL, JUDGE:
Lorenzo Barnes challenges an order entered by the Fayette Circuit Court on March 7, 2018. That order granted in part and denied in part, his motion for return of $6,719 in cash and a 1999 Chevrolet Tahoe seized from him during his arrest on a drug charge. Without the Commonwealth ever seeking forfeiture of the property-a fact admitted by the Commonwealth-and without a forfeiture hearing ever being convened, the trial court granted the Commonwealth's request to retain the property *169 for application to a restitution order entered in a separate Fayette Circuit Court criminal case by another Division. Our review of the record, briefs and law mandates reversal for entry of an order returning the subject property to Barnes.
FACTS AND PROCEDURAL BACKGROUND
Barnes was arrested by Kentucky State Police on April 21, 2011, on what would become Fayette Circuit Court Case No. 11-CR-00711-1-a case assigned to Division Eight. A jury convicted Barnes of first-degree trafficking in a controlled substance, tampering with physical evidence, and being a second-degree persistent felony offender (PFO II), for which Barnes was sentenced to serve twenty years on August 29, 2012.[1] The Commonwealth never pursued a forfeiture proceeding for the seized property, but still retains the property.
While free on bond and awaiting trial on the first indictment, Barnes was arrested and indicted on what would become Fayette Circuit Court Case No. 12-CR-00486-a case assigned to Division Nine. Barnes entered a conditional guilty plea to second-degree assault under extreme emotional disturbance-amended from second-degree assault-and being a PFO II. The Commonwealth recommended a sentence of one year enhanced to seven years by virtue of Barnes' PFO II status, with restitution "to be determined." Ultimately, a second charge of fourth-degree assault was dismissed, the Commonwealth's recommended sentence was imposed, and Barnes was ordered to pay $8,429.62 in restitution "through the Fayette Circuit Court Clerk's Office."
Barnes appealed the second conviction,[2] challenging the running of sentences in Case Nos. 11-CR-00711-1 and 12-CR-00486 consecutively, and restitution being ordered paid to the clerk's office. A separate panel of this Court affirmed consecutive sentencing but reversed and remanded the restitution order for further findings. On remand, Division Nine supposedly ordered Barnes to pay $8,429.62 in restitution in monthly $50 increments, but no such order appears in the certified record of this appeal.
This appeal pertains to two separate indictments but is brought only in Case No. 11-CR-00711-1. Little documentation of Case No. 12-CR-00486 is in the appellate record certified to this Court. Importantly, we have no order of restitution from any case. We also have no hearings from Case No. 12-CR-00486 at which restitution may have been discussed, but we do have a verbal account of a hearing on April 26, 2016, in Case No. 12-CR-00486 at which Barnes supposedly acknowledged owing restitution to an assault victim for medical bills. In a footnote, Barnes' brief states:
[t]he restitution order was entered on May 10, 2018, after the hearing on Mr. Barnes [sic] motion to return his property, which included the terms of which Mr. Barnes was to make payments, $50.00 per month until the restitution amount was satisfied.
(Emphasis added). No order entered on May 10, 2018, in Case No. 12-CR-00486 is in the record of Case No. 11-CR-00711-1. The designation of record filed on Barnes'
*170 behalf does not mention documents or recordings from the Division Nine case. The Commonwealth did not file a separate designation of record.
While neither party introduced an order of restitution, the record does contain two electronically signed orders in Case No. 12-CR-00486-1. Both were submitted by Barnes as exhibits to his reply in support of a supplement to his motion for release and return of the property. The first order, entered on March 21, 2016, reads:
[u]pon Remand from the Court of Appeals and consistent with their opinion, the Court hereby ORDERS that the Defendant is NOT required to pay Court Costs.
The second, an Amended Order entered on March 22, 2016, reads:
[u]pon Remand from the Court of Appeals and consistent with their opinion, the Court hereby ORDERS that the Defendant is NOT required to pay Restitution.
Additionally, a docket sheet for Case No. 12-CR-00486, dated April 26, 2016, submitted by the Commonwealth, bears the handwritten notation, "Agreed to Restitution Amount," with a typed "Payment History" indicating the total amount due as "$9,006.10."
On September 8, 2017, Barnes filed a pro se motion in the original Division Eight case seeking return of the cash and vehicle. Barnes claimed no forfeiture hearing had ever occurred and without a forfeiture order, the Commonwealth could not legally deprive him of his property. With the motion requesting return of his property, Barnes filed a separate request for appointment of counsel. The Department of Public Advocacy was appointed to supplement the motion and did so on December 27, 2017. Citing Hinkle v. Commonwealth , 104 S.W.3d 778, 782 (Ky. App. 2002), and Van Berg v. Commonwealth , No. 2015-CA-000355-MR, 2016 WL 3147573 (Ky. App. May 27, 2016, unpublished), counsel argued Barnes' property should be returned to him because the Commonwealth had not timely sought forfeiture-which had to occur by August 29, 2017, if at all. KRS [3] 413.120(3). The Commonwealth responded, acknowledging it had never invoked the forfeiture procedure outlined in KRS 218A.460, but opposing Barnes' motion, and urging Division Eight to retain the property and apply it to a Division Nine order of restitution without providing an order of restitution.
Barnes' reply, filed in Case No. 11-CR-00711-1 on January 29, 2018, states a "motion to reconsider was heard in April 2016, and the outcome of that hearing has been sealed by this Court." Our review of CourtNet confirms a restitution hearing originally scheduled for April 20, 2016, was rescheduled for April 26, 2016, and occurred on the new date. A sealed document was also filed on April 26, 2016. We do not know the content of the sealed order or why it was sealed.
In its supplemental response, filed on February 14, 2018, the Commonwealth did not deny a motion for reconsideration had been heard in Case No. 12-CR-00486 in April 2016, nor that its result had been sealed. The Commonwealth stated only,
there was a restitution hearing subsequently held on April 26, 2016, in which [Barnes] agreed to restitution and the amount of restitution he owes. On the video of the hearing, [Barnes] acknowledged that he was not contesting the amount of the restitution as $8,429.62, and did not dispute that he owed that restitution to the victim in that matter.
*171 A copy of the docket sheet indicating same is attached hereto.
Barnes' motion for release and return of the seized property-and the Commonwealth's opposition thereto-were heard by Division Eight on February 16, 2018. Both parties agreed Barnes had acknowledged the amount of restitution owed during a court appearance in Division Nine on April 26, 2016. The Commonwealth explained no restitution hearing occurred that day because Barnes agreed to the amount owed on entering the courtroom, and the parties were to execute an agreed order, but no such order had been entered as of February 16, 2018-nearly two years later. According to CourtNet, no agreed order was entered until May 10, 2018, but that agreed order is not part of our record.
Without citing authority during the hearing, the Commonwealth urged Division Eight to retain the property seized in connection with Case No. 11-CR-00711-1 and apply it to restitution Barnes supposedly owed in Case No. 12-CR-00486. Barnes argued without a forfeiture order, the Commonwealth had no right to keep the seized property and could not legally exercise control over it.[4] Any taking of otherwise legal property via forfeiture must be preceded by basic due process protections, including a hearing and an opportunity to be heard. Harbin v. Commonwealth , 121 S.W.3d 191, 195 (Ky. 2003). Division Eight took the matter under submission.
On March 7, 2018, Division Eight entered an order partially sustaining Barnes' motion for return of the property, but partially denying it. After finding the window had closed for the Commonwealth to seek forfeiture of the subject property, the trial court wrote:
[h]owever, the Commonwealth contends that instead of immediately returning the property to Barnes, the property should first be applied to any outstanding restitution amounts owed by Barnes in other cases. Specifically, the Commonwealth points to Fayette Circuit Case No. 12-CR-486, in which Barnes apparently did not object to the Commonwealth's calculated restitution in the amount of $8,429.62 following a hearing held in April 2016.
Barnes argues that to apply the property in this case to the restitution in another would effectively constitute a forfeiture without a hearing. The Court disagrees. In this Court's view, the restitution order in Case No. 12-CR-486 , although originating in another Division of Fayette Circuit Court, is binding upon this Court. That restitution order is an equitable lien thereby attaching to the Defendant's assets currently being held. As such, it is appropriate for such restitution to attach to Barnes' property in this case for the benefit of the victim who is given first priority to same. Therefore, the seized cash and Tahoe shall be first used to satisfy the outstanding restitution or costs owed by Barnes to the victim in Case No. 12-CR-486; any remaining funds may be released to Barnes or his designee.
(Emphasis added). This appeal emanates from this order. While we appreciate the trial court's attempt to make a victim whole, we simply cannot endorse the result.
ANALYSIS
The parties argue statutory interpretation, forfeiture without due process, *172 KRS 532.033 authorizes only Division Nine to oversee collection of the restitution it ordered, constructive trust and jurisdiction. Fascinating topics to be sure, but all overlook a fundamental question-was an order of restitution in place when Division Eight directed Barnes' cash and vehicle be retained and applied to restitution to a victim? We hold no such order existed on March 7, 2018, and therefore, reverse and remand to the Fayette Circuit Court for entry of an order granting Barnes' motion and returning the property to Barnes or his designee.
The record contains no order of restitution entered by any court. The Commonwealth talked about an order, but never introduced one. Barnes' attorney even agreed Barnes had acknowledged owing restitution, but no such order is in the record and neither party cites us to such an order. Interestingly, in its brief the Commonwealth cites us to "(TR 606)" of the record. That happens to be page two of the Commonwealth's response to Barnes' motion for an order to release and return property, at which the Commonwealth wrote:
[Barnes], by Order entered on November 13, 2013, in case number 12-CR-0486, was ordered to pay restitution in the amount of $8,429.62 and court costs of $155.00.
A footnote says, "This matter was before the Hon. Kimberly Bunnell of the Fayette Circuit Court and a courtesy copy of this pleading has been sent to Judge Bunnell." A check of CourtNet shows no entries for November 13, 2013. Furthermore, there is no indication court costs were ever ordered to be paid.
On March 7, 2018, when Division Eight entered the order partially granting and partially denying Barnes' motion for return of his property, the certified record shows only two pertinent items were before the trial court-an order saying Barnes owed no court costs (entered on March 21, 2016), and an amended order saying Barnes owed no restitution (entered on March 22, 2016), causing us to doubt the trial court's statement,
[i]n this Court's view, the restitution order in Case No. 12-CR-486, although originating in another Division of Fayette Circuit Court, is binding upon this Court.
When the trial court wrote that sentence, there was no "restitution order in Case No. 12-CR-486." According to CourtNet, and Barnes' brief, it was not until May 10, 2018, that an agreed order was entered showing Barnes would pay restitution in the amount of $8,429.62 at $50 a month to named victims.[5] Unless Division Eight was prescient, it could not have known an agreed order would be entered two months in the future, especially since none had been filed in the preceding two years.
With no restitution order in the record, we address neither the arguments made in the briefs nor the trial court's "equitable lien" reasoning. We are compelled to REVERSE and REMAND for entry of an order consistent with this Opinion.
ALL CONCUR.

A separate panel of this Court affirmed the trial court's denial of an RCr 11.42 motion pertaining to this conviction. Barnes v. Commonwealth , 2016-CA-000245-MR, 2017 WL 2992361, at *1 (Ky. App. July 14, 2017).

Barnes v. Commonwealth , 2013-CA-002085-MR, 2015 WL 5781415, at *1 (Ky. App. Oct. 2, 2015).

Kentucky Revised Statutes.

KRS 218A.460(2) states in pertinent part,
The final order of forfeiture by the court shall perfect in the Commonwealth or appropriate law enforcement agency, as provided in KRS 218A.420, right, title, and interest in and to the property.

As an aside, if the parties had agreed restitution would be paid in $50 monthly increments, it would be troubling for the Commonwealth to renege on its agreement by subsequently requiring a lump sum payment.